IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN McCRAY, Sr.,

    Defendant.                                        Case No. 05-cr-30027-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

      Before the Court is defendant Mitchell Brown's Motion for Pretrial Determination of the Admissibility of Coconspirator Statements (Doc. 193). The instant Motion seeks a determination of admissibility made by the Court prior to trial. Although the Government has not yet filed a Response, law of the case allows for an Order denying the Motion. When the Court has made a previous ruling on the same legal issue, the law of the case doctrine "precludes reexamining [this] ruling . . . unless it was manifestly erroneous." ***Starcon Intern., Inc. v. International Brotherhood of Boilermakers*, 450 F.3d 276, 278 (7th Cir. 2006)(internal citations omitted)**.

      In this case, a similar motion was filed by defendant McCray (Doc. 162), which sought similar relief. In its Order issued on October 25, 2006 (Doc. 187),

denying the Motion, the Court found the following:

> In lieu of requiring a preliminary written proffer or conducting a pretrial evidentiary hearing, the Court also has the option of "*rul[ing] on each statement as it is elicited based on the evidence the Government has adduced to that point; the [C]ourt can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so providing being a possible mistrial).*" **United States v. McClellan, 165 F.3d 535, 553-54 (7th Cir. 1999)(citing Andrus, 775 F.2d at 836-37)(emphasis in original).**
>
> In part because the Court has been informed that McCray has already been provided with notice of coconspirator statement evidence in the "form of transcripts of all such statements and audio recordings" by the Government and because the Court deems a pretrial determination of admissibility to be premature, McCray's Motion (Doc. 160) is **DENIED**, as the Court elects to determine admissibility of such statements during trial.

(Doc. 187, pp. 2-3).

Again, based upon the law of the case doctrine and also the reasoning as previously stated by the Court in its October 25, 2006 Order (Doc. 187), the instant Motion (Doc. 193) is **DENIED**.  The admissibility of co-conspirator statements will be determined during trial.

**IT IS SO ORDERED.**

Signed this 30th day of October, 2006.

/s/        David    RHerndon
**United States District Judge**